IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC BRUCE FOWLER,<br><br>Defendant. | CR 20-30-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Eric Bruce Fowler (Fowler) has been accused of violating the conditions of his supervised release. Fowler admitted alleged violation 3. The government satisfied its burden of proof with respect to alleged violations 1 and 2. Fowler's supervised release should be revoked. Fowler should be placed in custody for 4 months, with 32 months of supervised release to follow. Fowler should serve the first 60 days of his supervised release in a secure inpatient drug treatment facility.

## II. Status

Fowler pleaded guilty to Being a Prohibited Person in Possession of a Firearm on April 14, 2021. (Doc. 79). The Court sentenced Fowler to 48 months

of custody, followed by 3 years of supervised release. (Doc. 93). Fowler's current term of supervised release began on November 24, 2023. (Doc. 110).

**Petition**

The United States Probation Office filed a Petition on January 16, 2024, requesting that the Court revoke Fowler's supervised release. (Doc. 110). The Petition alleged that Fowler had violated the conditions of his supervised release: 1) by failing to follow the instructions of his probation officer; 2) by failing to report for substance abuse testing; and 3) by failing to report for substance abuse treatment.

**Initial appearance**

Fowler appeared before the undersigned for his initial appearance on February 6, 2024. Fowler was represented by counsel. Fowler stated that he had read the petition and that he understood the allegations. Fowler waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 6, 2024, on February 13, 2024, and on February 20, 2024. Fowler admitted that he had violated the conditions of his supervised release by failing to report for substance

2

abuse treatment. The government satisfied its burden of proof with respect to alleged violations 1 and 2. The violations are serious and warrant revocation of Fowler's supervised release.

Fowler's violations are Grade C violations. Fowler's criminal history category is VI. Fowler's underlying offense is a Class C felony. Fowler could be incarcerated for up to 24 months. Fowler could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III.  Analysis

Fowler's supervised release should be revoked. Fowler should be incarcerated for 4 months, with 32 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Fowler should serve the first 60 days of his supervised release in a secure inpatient drug treatment facility.

### IV.  Conclusion

The Court informed Fowler that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Fowler of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Fowler that Judge Morris would consider a timely objection before making a final determination on whether to

revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Eric Bruce Fowler violated the conditions of his supervised release: by failing to follow the instructions of his probation officer; by failing to report for substance abuse testing; and by failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

That the District Court revoke Fowler's supervised release and commit Fowler to the custody of the United States Bureau of Prisons for 4 months, with 32 months of supervised release to follow. Fowler should serve the first 60 days of his supervised release in a secure inpatient drug treatment facility.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 21st day of February, 2024.

                                                  John Johnston
                                                  United States Magistrate Judge