IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ERIC BRUCE FOWLER, Defendant. | CR 20-30-GF-BMM-JTJ FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Eric Bruce Fowler (Fowler) has been accused of violating the conditions of his supervised release. (Docs. 126 and 128). Fowler admitted alleged violations 1 and 2. Fowler's supervised release should be revoked. Based upon the agreement of the parties, Fowler should be sentenced to TIME SERVED, with no term of supervised release to follow.

## II.  Status

Fowler plead guilty on April 14, 2021, to the offense of Prohibited Person in Possession of Firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924, as charged in Count 1 of the Superseding Indictment. (Doc. 79). Fowler was sentenced to 48

Case 4:20-cr-00030-BMM   Document 134   Filed 03/26/25   Page 2 of 6

months of custody, with 3 years of supervised release to follow. (Doc. 93). Fowler's current term of supervised release began on May 23, 2024.

**Petition**

On September 19, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Fowler's supervised release. (Doc. 126). The Petition alleged Fowler violated conditions of his supervised release by: (1) having a sweat patch test positive for methamphetamine on September 13, 2024; and (2) leaving his assigned district without permission of his probation officer by traveling to North Dakota on September 15, 2024.

**Amended Petition**

On October 1, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke Fowler's supervised release. (Doc. 128). The Amended Petition alleged Fowler violated the condition of his supervised release by the added violations of: (3) having a sweat patch test positive for methamphetamine on September 23, 2024; (4) committing another federal, state or local charge by being charged in McKenzie County North Dakota on September 15, 2024 with the class B felony offense of Possession with Intent to Manufacture/Deliver Methamphetamine, in violation of North Dakota Criminal Code, §§ 19.03.1-23(1)(a), 19-03.1-07(5), and 12.1-32-01(3); (5) committing another federal, state or local charge by being charged in McKenzie County North

Dakota on September 15, 2024 with the class C felony offense of Unlawful Possession of Drug Paraphernalia-Manufacture (2nd offense), in violation of North Dakota Criminal Code, §§ 19.03.4-03(1) and 12.1-32-01(4); (6) committing another federal, state or local charge by being charged in McKenzie County North Dakota on September 15, 2024 with the class C felony offense of Possession with Unlawful Possession of Drug Paraphernalia, (2nd offense), in violation of North Dakota Criminal Code, §§ 19.03.4-03(2) and 12.1-32-01(4); (7) committing another federal, state or local charge by being charged in McKenzie County North Dakota on September 15, 2024 with the class B misdemeanor offense of Driving Under Suspension, in violation of North Dakota Criminal Code, §§ 39-06042(1) and 12.1-32-01(6); and (8) testing positive for methamphetamine, cocaine and marijuana on September 16, 2024 in McKenzie County, North Dakota.

### Initial Appearance

Fowler appeared before the Court on March 25, 2025. Fowler was represented by counsel. Fowler stated that he had read the Amended Petition and that he understood the allegations against him. Fowler waived his right to a preliminary hearing.

### Revocation hearing

Fowler appeared before the Court on March 25, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Fowler admitted that

he had violated the conditions of supervised release as set forth in the Amended Petition by: (1) having a sweat patch test positive for methamphetamine on September 13, 2024; and (2) leaving his assigned district without permission of his probation officer by traveling to North Dakota on September 15, 2024. The Government moved to dismiss allegations (3)-(8), which the Court granted. Fowler's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Fowler appeared before the Court on March 25, 2025. Fowler's violations are Grade C. His criminal history category is VI. Fowler's underlying offense is a Class C felony. Fowler could be incarcerated for up to 24 months. Fowler could be ordered to remain on supervised release for 32 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III.   Analysis

Fowler's supervised release should be revoked. Based upon the agreement of the parties, Fowler should be sentenced to TIME SERVED, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.  Conclusion

The Court informed Fowler that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Fowler of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Fowler that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Fowler waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That ERIC BRUCE FOWLER has violated the conditions of his supervised release by: (1) having a sweat patch test positive for methamphetamine on September 13, 2024; and (2) leaving his assigned district without permission of his probation officer by traveling to North Dakota on September 15, 2024.

The Court **RECOMMENDS:**

> That based upon the agreement of the parties, the District Court revoke Fowler's supervised release and sentence Fowler to TIME SERVED, with no term of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of March 2025.

_____
John Johnston
United States Magistrate Judge